UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLICIA A. VOISARD,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-1023-EFB<br><br><br>MEMORANDUM AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 14, 15. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that she had been disabled since July 1, 2012. Administrative Record ("AR") at 159-161. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 101-105, 107-111. A hearing was held before administrative law judge ("ALJ") L. Kalei Fong. *Id.* at 22-73.

/////

/////

1

On January 22, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 11-17. The ALJ made the following specific findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2012 through her date last insured of December 31, 2015 (20 CFR 404.1571 *et seq*.).

\*\*\*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. Through the date last insured, the claimant had the following severe impairments: fibromyalgia, irritable bowel syndrome, status-post cervical fusion, temporomandibular joint dysfunction (TMJ), earache, headaches and knee pain (20 CFR 404.1520(c)).

\* \* \*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, can sit without limits, stand and walk 1 hour at a time for a total of 4 hours in an 8-hour workday, no climbing ladders, ropes or scaffolds, can climb ramps and stairs, kneel and stoop frequently, can crouch and crawl occasionally, cannot balance and must avoid concentrated exposure to hazards.

\* \* \*

6. Through the date last insured, the claimant as capable of performing past relevant work as a collector and a surveillance system monitor. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2012, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(f)).

*Id.* at 13-17.

Plaintiff's request for Appeals Council review was denied on March 10, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erred in failing to provide clear and convincing reasons for disregarding plaintiff's testimony regarding her fibromyalgia. The ALJ found that:

> In terms of the claimant's alleged fibromyalgia, those allegations have been somewhat accepted, as evidenced by the residual functional capacity limiting the claimant to less than a full range of light work. However, the evidence indicates that the claimant's fibromyalgia is not as limiting as alleged and does not preclude all work. In general, the medical records indicate that the claimant's fibromyalgia was generally under control. The claimant was diagnosed with fibromyalgia in 2013. Medical records from December 2014 indicate that the claimant has a history of fibromyalgia, "but is dealing with it" and "not believing in medication." The claimant reported that medication did not help to lessen her fibromyalgia symptoms, but holistic approaches worked until she started working. The claimant began working in 2014. In January 2014, the claimant reported that she "weaned herself off" all her medications and she was doing well. In April 2013, the claimant reported that her fibromyalgia had recently become worse after managing it without any pain. Medical records from August 2013 indicate that the claimant appeared to be in pain and her pain was "out of proportion to the findings."
>
> ….
>
> The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The claimant drives and helps her daughter shop. Medical records from April 2015 indicate that the claimant was experiencing low back pain after bending over to carry

> her grandchild. In December 2014, the claimant reported that she walks her dog 3 times per day of exercise.
>
> The claimant provided some inconsistent information. In November 2015, she informed Dr. Chun that she hurts all over and her pain is a 7 out of 10. She stated that her symptoms have not abated since 2013. However, as noted above, there were many times the claimant reported that her symptoms were well-managed. Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable.
>
> The claimant has failed to consistently follow recommended medical treatment recommendations. Medical records from August 2013 indicate that the claimant's fibromyalgia was not well controlled and the claimant refused to take gabapentin and Prozac. Medical records from April 2015 indicate that the claimant was a long-term cannabis user.

AR at 15-16 (internal citations to administrative record omitted). For the reasons stated hereafter, the court concludes that the ALJ's credibility findings are not sufficiently supported.

### A. Fibromyalgia Controlled

The ALJ, as noted *supra*, found that plaintiff's medical records indicated that her fibromyalgia was "generally under control." *Id.* at 15. The records cited in support of this conclusion are unconvincing. First, the ALJ cites to a December 2014 record that states that plaintiff was "dealing with [her fibromyalgia]" and "not believing in medication." *Id.* at 364. The meaning of "dealing with it" is ambiguous, however, and the record provides no indication that the connotation of this statement was positive rather than simply accepting what cannot be changed. One might, for instance, "deal" with a difficult condition only insofar as one has no other choice. The statement does not evidence that plaintiff's testimony lacked credibility.

Second, the ALJ's citation to a medical record from August 2013 in which the provider noted that plaintiff's pain was "out of proportion to findings" omits a second crucial finding in that same record. *Id.* at 321. The provider specifically found that plaintiff's fibromyalgia was

/////
/////
/////
/////

5

"not well controlled."[2] *Id.* That same day, plaintiff reported that her medications were doing little to dull her pain and that she presented "upset and cursing because of the pain." *Id.* at 320.

Third, it is true that, when plaintiff presented at a provider visit in January 2014, she noted that she was doing well. *Id.* at 397. It is well settled, however, that occasional reports of an absence of symptoms does not contradict other instances where that symptom is reported; symptoms may wax and wane. *Trevizo v. Berryhill*, 871 F.3d 664, 680 (9th Cir. 2017) ("[I]t is not inconsistent with disability that Treviso was not entirely incapacitated by fatigue at all times . . . ."). This is especially true in the context of fibromyalgia. The Social Security Ruling on fibromyalgia states that "for a person with [fibromyalgia], we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 SSR LEXIS 1, *17. And the medical records indicate that, after the January 2014 date, plaintiff continued to complain about pain associated with her fibromyalgia. *See, e.g.*, AR at 620 (treatment notes from 6/19/15 indicating that plaintiff asked for medication for her fibromyalgia and that she had an appointment with a "pain clinic" for the same).

B. Daily Activities

The ALJ has failed to adequately support his finding that plaintiff's daily activities are inconsistent with her subjective complaints. He simply states that "[t]he claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." *Id.* at 16. The decision then cites, without analysis, three of plaintiff's activities – walking her dogs thrice daily, driving and helping her daughter shop, and experiencing back pain after bending over to carry her grandchild in April 2015. *Id.* The Ninth Circuit has held that "if a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making *specific findings* relating to those activities." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.

---

[2] The ALJ appears to acknowledge this finding in a subsequent paragraph on plaintiff's failure to follow recommended treatment. AR at 17. He does not, however, undertake any analysis as to how this finding interacts with his previous assessment that plaintiff's fibromyalgia was well controlled.

6

2005) (emphasis added).  Here, the ALJ failed to make any specific findings.  It is unclear, for instance, how a back injury that plaintiff experienced in 2015 after bending over to pick up a child undercuts her claims regarding her symptoms.  And the ALJ made no attempt to describe the other activities in detail.  Does plaintiff's dog walking involve trekking a significant distance?  Or a short jaunt to the nearest grassy corner?  As plaintiff's attorney points out, "[t]he amount of walking, duration, and whether rests are involved while walking her dogs in December 2014 is unknown . . . ."  ECF No. 12 at 17-18.  How does driving and shopping with her daughter actually undercut plaintiff's complaints?  The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

      C.  <u>Inconsistent Information and Failure to Follow Treatment Recommendations</u>

The ALJ offers two final reasons for discounting plaintiff's credibility.  First, he points to plaintiff's statement to a consulting, examining physician that her pain symptoms have not abated since 2013.  AR at 16.  He notes that this statement is inconsistent with plaintiff's reports that, at times, "her symptoms were well-managed."  *Id.*  The ALJ made no effort to connect this finding to the medical record.  The ALJ did point (in a separate portion of the analysis) to one instance – in January 2014 – where plaintiff stated that she had weaned herself off medication and was doing well with her fibromyalgia.  *Id.* at 397.  He noted that this January 2014 statement conflicts with plaintiff's report to Dr. Chun (an examining physician) in November of 2015 indicating that her symptoms had not abated since 2013.  *Id.* at 642.  The court finds that it would be unreasonable to deem plaintiff not credible based solely on her failure to account for the discrepancy between these statements.  The medical records after January 2014 indicate that she continued to make claims regarding fibromyalgia pain.  *See*, *e.g.*, *id.* at 430-32.  And it is broadly recognized that fibromyalgia is a condition that waxes and wanes; patients may have good days and bad days.  *See Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017).  Consequently, an RFC analysis of a claimant alleging fibromyalgia should consider a "longitudinal record."  *Id.*

/////

Second, the ALJ states that plaintiff "has failed to consistently follow recommended medical treatment recommendations." *Id.* He notes that, in August 2013, plaintiff's fibromyalgia was not well controlled and she was refusing to take gabapentin and Prozac. *Id.* He also points to medical records from April 2015 indicating that plaintiff was a long-term cannabis user. *Id.* The ALJ does not, however, account for the fact that plaintiff told her provider that gabapentin and Prozac weren't working. *Id.* at 320; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that an *unexplained* failure to seek or follow a prescribed course of treatment may be a reason for discounting a claimant's testimony). And the ALJ undertook no analysis of the medical record in order to connect plaintiff's cannabis use with her prescribed treatment.

### D. Remand for Additional Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting plaintiff's subjective testimony in this instance does not compel a finding that he is *unable* do so. Additionally, on remand, the ALJ may explore several areas that were factually underdeveloped. These include, for instance, (1) the opinions of plaintiff's treating physician(s) on her disability and compliance with treatment during the relevant period and (2) the specifics of plaintiff's daily activities during the relevant period.

### CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is DENIED;

3. This matter is REMANDED for further administrative proceedings; and

/////

/////

8

4. The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: September 19, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE